

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-0082-CV

_____

## IN THE INTEREST OF K.E. AND R.E., CHILDREN

On Appeal from the 47ᵀᴴ District Court
Armstrong County, Texas
Trial Court No. 2374, Honorable Dan Schaap, Presiding

March 27, 2013

## ORDER OF ABATEMENT AND REMAND

Before Quinn, C.J., and Campbell and Pirtle, JJ.

On March 20, 2013, appellant, the mother of K.E. and R.E., filed a notice of accelerated appeal in the trial court challenging an order appointing appellee the Texas Department of Family and Protective Services permanent managing conservator of the children, and the mother and father the children's possessory conservators.[1] We have no indication the father has filed a notice of appeal.

---

[1] We identify the children by their initials and their parents as the mother and the father. *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2012); Tex. R. App. P. 9.8(a),(b)(2).

Although the mother was represented in the trial court by an appointed attorney ad litem, she appears *pro se* on appeal. The order from which this appeal is taken states that the mother's appointed attorney ad litem "shall continue in that capacity until all appeals of a final order terminating parental rights are exhausted." Family Code section 107.016, entitled "Continued Representation; Duration of Appointment," provides:

> In a suit filed by a governmental entity in which termination of the parent-child relationship or appointment of the entity as conservator of the child is requested: . . . (2) an attorney appointed under this subchapter to serve as an attorney ad litem for a parent . . . continues to serve in that capacity until the earliest of: (A) the date the suit affecting the parent-child relationship is dismissed; (B) the date all appeals in relation to any final order terminating parental rights are exhausted or waived; or (C) the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record.

Tex. Fam. Code Ann. § 107.016(2) (West Supp. 2012); *see* Tex. Fam. Code Ann. § 107.013(a),(c) (providing mandatory appointment of an attorney ad litem for an indigent parent opposing the request of a governmental entity for termination or temporary managing conservatorship).

Because, from the limited information before us, it is unclear why the mother does not have an appointed attorney ad litem on appeal, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall use whatever means it finds necessary, which may include noticing and conducting a hearing, to determine the following:

1. Whether the mother's appointed attorney ad litem has been relieved of his duties by a finding on the record of good cause;

2. If the mother's attorney ad litem has not been relieved of his duties by a finding of good cause, whether such relief should now be granted;

3. If the mother's attorney ad litem has been or is relieved of his duties by a finding of good cause, whether the mother is entitled to appointment of a replacement attorney ad litem on appeal.

If the trial court has relieved or now relieves the mother's attorney ad litem of his duties, and if it determines the mother is entitled to a replacement attorney ad litem on appeal, then the trial court shall appoint an attorney ad litem for the mother. If the trial court appoints a replacement attorney ad litem, it shall cause the name, address, telephone number, fax number, and state bar number of the replacement attorney ad litem to be provided to the Court.

The trial court shall issue any findings of fact and conclusions of law and recommendations it finds appropriate to support its determinations of the issues we have listed. The trial court shall cause any findings and conclusions, recommendations, and any orders made in conjunction with this order to be included in the clerk's record. It shall also cause the transcription of the evidence and argument presented at any hearing conducted in conjunction with this order to be included in the reporter's record.

The clerk's record and the reporter's record in this appeal have not been filed. In addition to the contents required by rule, they shall include any items and evidence developed in response to this order. The clerk's record and reporter's record shall be filed with the Court on or before April 19, 2013.

It is so ordered.

Per Curiam

3